Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | **Criminal No.**    16 CR 0257 |
| **v.** | § | |
| | § | |
| **DR. SOHAIL R. SIDDIQUI and** | § | |
| **STARSKY D. BOMER,** | § | |
| | § | |
| **Defendants.** | § | |

## ELEMENTS

**CONSPIRACY TO DEFRAUD THE UNITED STATES AND TO PAY AND RECEIVE HEALTH CARE KICKBACKS (18 U.S.C. § 371)** requires proof of the following elements:

1. The defendant and at least one other person made an agreement to commit the crime of soliciting, receiving, offering or paying money in order to induce the referral of a Medicare patient;

2. The defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

1. One of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Indictment in order to accomplish some object or purpose of the conspiracy.

**VIOLATION OF THE ANTI-KICKBACK STATUTE BY PAYING OR RECEIVING HEALTH CARE KICKBACKS (42 U.S.C. § 1320a-7b)** requires proof of the following elements:

1. That the defendant knowingly and willfully solicited, received, offered or paid money for referring a patient;

2. That the money was solicited, received, offered or paid primarily to induce the referral of a patient insured by Medicare; and

3. That the services or items for which the patient was referred, were or would have been covered, in whole or in part by Medicare.

**AIDING AND ABETTING (18 U.S.C. § 2)** requires proof of the following elements:

1. That the offense of paying or receiving kickbacks was committed by some person;

2. That the defendant associated with the criminal venture;

3. That the defendant purposefully participated in the criminal venture; and

4. That the defendant sought by action to make that venture successful.