1                    IN THE UNITED STATES DISTRICT COURT

2                    FOR THE SOUTHERN DISTRICT OF TEXAS

3                              HOUSTON DIVISION

4   UNITED STATES OF AMERICA        §     CASE NO. 4:16-CR-00257
                                     §     HOUSTON, TEXAS
5   VERSUS                          §     MONDAY,
                                     §     JUNE 20, 2016
6   DR. SOHAIL R. SIDDIQUI, ET AL §     2:22 P.M. TO 2:37 P.M.

7

8                    INITIAL APPEARANCE AND ARRAIGNMENT

9                    BEFORE THE HONORABLE STEPHEN SMITH
                        UNITED STATES MAGISTRATE JUDGE

10

11                             APPEARANCES:

12   FOR PLAINTIFF/DEFENDANT:      SEE NEXT PAGE

13   COURT RECORDER:               (INFORMATION NOT PROVIDED)

14

15

16

17

18

19

20                    TRANSCRIPTION SERVICE BY:

21               JUDICIAL TRANSCRIBERS OF TEXAS, LLC
                      935 ELDRIDGE ROAD, #144
22                    SUGAR LAND, TEXAS 77478
                 Tel: 281-277-5325 / Fax: 281-277-0946
23                 www.judicialtranscribers.com

24

25        Proceedings recorded by electronic sound recording;
            transcript produced by transcription service.

1                              <u>APPEARANCES</u>:

2


3   FOR THE PLAINTIFF:              JONATHAN BAUM, ESQ.
                                    US DEPARTMENT OF JUSTICE
4                                   1000 LOUISIANA, STE. 2300
                                    HOUSTON, TX  77002
5


6


7   FOR THE DEFENDANT,
    STARSKY D. BOMER:              PHILIP A. MEYER, ESQ.
8                                   800 TOWN AND COUNTRY BLVD.
                                    SUITE 300
9                                   HOUSTON, TX  77024


10


11  FOR THE DEFENDANT,
    DR. SOHAIL R. SIDDIQUI:        JAMES M. ARDOIN III, ESQ.
12                                  ARDOIN LAW, PLLC
                                    2118 SMITH ST., STE. 200
13                                  HOUSTON, TX  77002

14

15

16

17

18

19

20

21

22

23

24

25

1          HOUSTON, TEXAS; MONDAY, JUNE 20, 2016; 2:22 P.M.

2          THE COURT:  All right.  We have a lot of people in

3  the courtroom this afternoon.  I want to advise everybody if

4  you have a cell phone, please turn it off.  I've got a zero

5  tolerance policy for cell phones going off in my courtroom.

6  You'll be asked to leave if it does.  So be sure that it

7  doesn't.

8          All right.  With that, let me call the first case,

9  United States of America versus Sohail Siddiqui and Starsky

10  Bomer, Criminal Case No. H-16-257.

11          MR. BAUM:  Good afternoon, Your Honor.  John Baum

12  for the United States.

13          THE COURT:  Mr. Baum.

14          MR. ARDOIN:  Good morning, Your Honor.  Jimmy

15  Ardoin on behalf of Mr. Siddiqui.

16          MR. MEYER:  Good afternoon, Your Honor.  Philip

17  Meyer for Starsky Bomer.

18          THE COURT:  All right.  Mr. Siddiqui and

19  Mr. Bomer, we're here to conduct the Initial Appearance in

20  your case.  The purpose of this proceeding is to advise you

21  of the charges brought against you, to advise you have a

22  right to remain silent, to advise you of your right to

23  Counsel, and to schedule other proceedings that might be

24  necessary in this case.

25          Mr. Siddiqui, have you received a copy of the

1    Indictment against you in this matter?

2              DEFENDANT SIDDIQUI:  Yes, Judge.

3              THE COURT:  Okay.  Have you had a chance to read

4    that?

5              DEFENDANT SIDDIQUI:  Yes.

6              THE COURT:  And Mr. Bomer, have you also received

7    a copy of the Indictment against you in this case?

8              DEFENDANT BOMER:  Yes, Your Honor.

9              THE COURT:  Okay.  And you've had a chance to read

10   that?

11             DEFENDANT BOMER:  Not yet, sir.

12             THE COURT:  Okay.  Have you --

13             MR. MEYER:  We're looking over it together.

14             THE COURT:  All right.  Or perhaps, Mr. Baum, can

15   you summarize the charges against these Defendants?

16             MR. BAUM:  Yes, Your Honor.

17             THE COURT:  And the potential penalties?

18             MR. BAUM:  Both Defendants have been charged with

19   conspiracy to defraud the United States and pay healthcare

20   kickbacks in violation of Title 18, United States Code,

21   Section 1371, and a substantive violation of the

22   anti-kickback statute, which is Title 42, United States

23   Code, Section 1323-17.  The penalties for both statutes are

24   the same.  It's a fine of up to $250,000 or twice the gain

25   or loss for the crime, or imprisonment of not more than five

1  years, or both, three years of supervised release.

2          THE COURT:  All right.  Now Mr. Siddiqui, without

3  discussing whether or not these charges are true, do you

4  understand what the Government is claiming you have done?

5          DEFENDANT SIDDIQUI:  I do.

6          THE COURT:  All right.  Mr. Bomer, again without

7  discussing whether these charges are true or not, do you

8  understand what the Government is claiming you have done?

9          DEFENDANT BOMER:  Yes, Your Honor.

10          THE COURT:  Okay.  With respect to these charges,

11  each of you have the right to remain silent.  If you make

12  any statement, it can be used against you.

13          Do you understand that, Mr. Siddiqui?

14          DEFENDANT SIDDIQUI:  Yes, sir.

15          THE COURT:  And Mr. Bomer?

16          DEFENDANT BOMER:  Yes, Your Honor.

17          THE COURT:  Okay.  Also, you each have the right

18  to be represented by Counsel at all stages of this case.  If

19  you cannot afford Counsel, you can ask the Court to appoint

20  one to represent you.

21          My understanding, Mr. Siddiqui, is you've retained

22  Mr. Ardoin to represent you in this case?

23          DEFENDANT SIDDIQUI:  Yes, sir.

24          THE COURT:  Okay.  His appearance will be noted

25  for the Record.

1          And Mr. Bomer, you've retained Mr. Meyer to

2    represent you; cc

3          DEFENDANT BOMER:  Yes, Your Honor.

4          THE COURT:  Okay.  Mr. Meyer's appearance is noted

5    for the Record.

6          All right.  Mr. Baum, what's the Government's

7    position with regard to bond?

8          MR. BAUM:  I think that Counsel and the Government

9    have come to an agreement on bond for both Defendants.

10   Defense Counsel can correct if I misstate, but I --

11         THE COURT:  I do have a recommendation from

12   Pretrial Services with regard to both Defendants,  Are they

13   -- is that essentially the terms that the Parties have

14   agreed to?

15         MR. BAUM:  It is with some modifications, Your

16   Honor.

17         THE COURT:  All right.

18         MR. BAUM:  The Parties -- with respect to bond,

19   the Parties would agree that the Defendants would post

20   $100,000 bond by either money or property, and that both

21   Defendants will agree to wear a GPS monitoring device, in

22   addition to the conditions outlined by Pretrial.  More

23   particularly, the restrictions about not being involved in

24   any employment that allows for any billing to the Medicare

25   or Medicaid programs.

7

1          THE COURT:  Right.  All right.  Now the

2   recommendations that I saw got one recommendation of

3   $100,000 with $10,000 deposit and that's for Mr. Bomer, but

4   the recommendation for Mr. Siddiqui was a $25,000 unsecured

5   bond.

6          Mr. Ardoin, do you want to comment with regard to

7   those conditions?

8          MR. ARDOIN:  Well, we've agreed with the

9   Government.  The Government is prepared to, I think it's

10  understood, but I'll put on evidence and move for detention

11  potentially if he weren't willing to agree to these

12  conditions.

13         Obviously my client was woken up at 6:00 a.m. this

14  morning to be taken out of his cell.  You can see in his

15  pajamas.  He'd rather get back home as soon as possible and

16  start the defense in this case, rather than waste a bunch of

17  time with a Detention Hearing.

18         THE COURT:  All right.  Then it is the decision of

19  this Court that the Defendants will be released on posting

20  of a $100,000 bond.  The -- I'll require, instead of a

21  $10,000 deposit, I'll require a 5 percent deposit on both

22  bonds for both Defendants.

23         The other conditions of your release will include

24  GPS monitoring and I'm going to go over the other conditions

25  with both of you now.  You need to pay special attention to

1   those conditions as I go over them because if there are any

2   violations of these conditions, then there will be serious

3   consequences.

4          Following release in this case, both of you must

5   make all court appearances as required and surrender to

6   serve any sentence the Court might impose.  You must not

7   violate any federal, state or local law while on release in

8   this case.  You must immediately advise the Court, Defense

9   Counsel, and Pretrial Services in writing before any change

10  in address or telephone number.  You must not do anything to

11  intimidate a witness or obstruct a criminal investigation.

12         You'll be required to report to US Pretrial

13  Services on a regular basis.

14         In addition on Mr. Bomer, your wife will be

15  required to serve as a co-signer of the bond.  I think that

16  was one of the recommendations of Pretrial Services.

17         Both Defendants will be required to pay the cost

18  of the location monitoring based on their ability to pay as

19  Pretrial Services may determine.

20         I'm not going to set a curfew.  If Pretrial

21  Services believes that's appropriate, I'll leave that to the

22  Pretrial Services, leave that to their discretion.

23         Do either of you have passports?

24         DEFENDANT SIDDIQUI:  Yes.

25         DEFENDANT BOMER:  Yes, I do.

1          THE COURT:  All right.  You'll need to turn in

2    your passports during the pendency of this case to Pretrial

3    Services.  You can do that after we're done with this

4    proceeding this afternoon or at this point.

5          And you're not to obtain another passport during

6    the pendency of the case.

7          Your travel will be restricted to the Southern

8    District of Texas.

9          With regard to employment, you're to maintain or

10   actively seek employment if you become unemployed.  Those --

11   that employment must not be in any position that bills or

12   deals with Medicare or Medicaid.  So they need to be

13   involved in some other position, other than one that bills

14   or deals with Medicare or Medicaid.

15         You'll be required to avoid any contact with any

16   Co-Defendant or witnesses or potential victims in this case.

17         You'll be required to refrain from possessing a

18   firearm, destructive device, or other dangerous weapon,

19   refrain from excessive use of alcohol, or refrain from any

20   use or unlawful possession of a narcotic drug or other

21   controlled substance.

22         If you have any contact with law enforcement, that

23   is, if you're arrested or if you're even stopped at a

24   traffic stop, you'll need to report that to your Pretrial

25   Services Officer so that they can be made aware.

1            Those are the conditions of your release.  Any

2    comments about those, Counsel?

3            MR. MEYER:  Your Honor, if I may?  Mr. Bomer is an

4    officer in the Air Force Reserve.  He will be required to

5    travel -- with the Court's permission -- to Barksdale Air

6    Force Base in Shreveport, Louisiana, and to San Antonio

7    periodically through the coming months.

8            As long as the Court approves it and as long as he

9    informs Pretrial Services, we would ask that he be allowed

10   to continue.

11           THE COURT:  All right.  Yeah, you will be allowed

12   to travel outside the District for those purposes, both to

13   Louisiana and San Antonio, provided you notify Pretrial

14   Services in advance.

15           DEFENDANT BOMER:  Yes, sir.

16           THE COURT:  All right.

17           MR. BAUM:  One issue I do want to bring up --

18           THE COURT:  Yes, sir.

19           MR. BAUM:  -- for Your Honor, given Mr. Bomer's

20   involvement in the military, the Government's concerned that

21   there could be an overseas deployment and I wanted to raise

22   that with the Court to see if a condition of his bond could

23   be no overseas deployment?

24           MR. MEYER:  I addressed it with my client, Your

25   Honor.  He informs me that the position that he's in with

1    the Air Force would not require an overseas deployment.  I

2    could have him address the Court regarding that, if the

3    Court would require it.

4         THE COURT:  No.  We'll deal with that, if that

5    comes up.  I'm not going to deal with that right now.  I'm

6    not going to direct the Department of Defense as to what to

7    do at this point.

8         All right.  Those are the conditions of your

9    release.

10         Any question about those from your client's

11    perspective, Mr. Ardoin?

12         MR. ARDOIN:  No, Your Honor.

13         THE COURT:  Okay.  All right.  I'm now going to

14    over the potential penalties in the event of any violation

15    of these conditions.

16         A violation of any condition of release may result

17    in the immediate issuance of a warrant for your arrest, a

18    revocation of release, an Order for detention, and a

19    prosecution for contempt, which could result in a possible

20    term of imprisonment or fine.

21         If you commit any offense while on pretrial

22    release, it may result in an additional sentence of up to

23    ten years if that offense is a felony, up to one year if

24    that offense is a misdemeanor.

25         The sentence shall be consecutive to any other

1   sentence and must be imposed in addition to the sentence

2   received for the offense itself.

3            It's also a criminal offense if the Defendant

4   knowingly fails to make a court appearance or fails to

5   surrender to serve any sentence the Court might impose.

6            A term of imprisonment imposed for failure to

7   appear or surrender shall also be consecutive to the

8   sentence for any other offense.  In addition, a failure to

9   appear may result in the forfeiture of the bail posted.

10           Any questions about any of that, Mr. Siddiqui?

11           DEFENDANT SIDDIQUI:  No, sir.

12           THE COURT:  Mr. Bomer?

13           DEFENDANT BOMER:  No, Your Honor.

14           THE COURT:  All right.  Then the Marshals will be

15  ordered to keep these Defendants in custody until notified

16  that they've posted the bond and complied with the other

17  conditions of release.

18           Are we ready to proceed with arraignment or is

19  that it?

20           Mr. Ardoin, on behalf of your client?

21           MR. ARDOIN:  We're ready to proceed, Your Honor.

22           THE COURT:  All right.  Mr. Siddiqui, have you had

23  enough time to review the charges against you in this

24  Indictment with your attorney?

25           DEFENDANT SIDDIQUI:  No, I just briefly looked at

1  it, Your Honor.  Yeah, I need to discuss with him.  I don't

2  know what to say.

3          THE COURT:  Okay.  All right.  All I want to do is

4  try to determine whether you're ready to enter a plea of

5  guilty or not guilty.  That's going to be the only question

6  I ask, and I'm just asking if you're ready to do that?

7          Are you ready to do that?

8          DEFENDANT SIDDIQUI:  Yes, sir.

9          THE COURT:  Okay.  Mr. Ardoin, do you agree to

10  waive a formal reading of the Indictment?

11          MR. ARDOIN:  Yes, Your Honor.

12          THE COURT:  All right.  Then Mr. Siddiqui, how do

13  you plead to the charges against you in this Indictment?

14  Guilty or not guilty?

15          DEFENDANT SIDDIQUI:  Not guilty.

16          THE COURT:  A not guilty plea will be entered on

17  your behalf.

18          Mr. Bomer, are you ready to enter a formal plea to

19  the charges against you this afternoon?

20          DEFENDANT BOMER:  Yes, Your Honor.

21          THE COURT:  Does Counsel agree to waive the formal

22  reading?

23          MR. MEYER:  We do, Your Honor.

24          THE COURT:  All right.  Then Mr. Bomer, how do you

25  plead to the charges against you in this Indictment?  Guilty

1  or not guilty?

2          THE COURT:  A not guilty plea will be entered on

3  your behalf.

4          I'll now go over the Scheduling Order for the

5  trial of this case:

6          All right.  Now this case is set for trial before

7  District Judge Vanessa Gilmore on August the 22nd, 2016.

8          All motions are due by July the 11th.

9          Responses are due by July the 21st.

10         Proposed voir dire and jury charge are to be filed

11  by August the 12th.

12         Pretrial Conference is set for 9:30 a.m. on August

13  the 15th.

14         Jury selection and trial is set to begin at

15  1:30 p.m. on August the 22nd.

16         Mr. Baum, what does the Government estimate to be

17  the time of trial?

18         MR. BAUM:  The Government estimates about two

19  weeks.

20         THE COURT:  All right.  Then I'll need to get

21  everyone's signature on this copy of the Scheduling Order.

22      (Pause in the proceedings.)

23         THE COURT:  All right.  Is there anything else to

24  discuss on this matter this afternoon on behalf of your

25  client?

1          Mr. Ardoin?

2          MR. ARDOIN:  No, Your Honor.

3          THE COURT:  Mr. Meyer?

4          MR. MEYER:  No, Your Honor.

5          THE COURT:  For the Government, Mr. Baum?

6          MR. BAUM:  No, Your Honor.

7          THE COURT:  You may be excused then.

8          Thank you.

9      (Proceedings adjourned at 2:37 p.m.)

10                          *  *  *  *  *

11          *I certify that the foregoing is a correct*

12  *transcript to the best of my ability produced from the*

13  *electronic sound recording of the proceedings in the above-*

14  *entitled matter.*

15  */S/ MARY D. HENRY*

16  *CERTIFIED BY THE AMERICAN ASSOCIATION OF*

17  *ELECTRONIC REPORTERS AND TRANSCRIBERS, CET**D-337*

18  *JUDICIAL TRANSCRIBERS OF TEXAS, LLC*

19  *JTT TRANSCRIPT #56269*

20  *DATE:  JANUARY 15, 2017*

21

22

23

24

25